IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:24-CV-00336 |
| Plaintiff, | : | |
| v. | : | VERIFIED COMPLAINT FOR FORFEITURE IN REM |
| ONE HUNDRED FORTY-NINE THOUSAND, EIGHT HUNDRED THREE DOLLARS AND 00/100 ($149,803.00) IN UNITED STATES CURRENCY, | : : | |
| | : | |
| Defendant 1, | : | |
| ROLEX DATEJUST II 41MM DIAMOND STAINLESS STEEL WATCH SN: 576891R3, WITH ALL ATTACHMENTS THEREON, | : : | |
| Defendant 2, | : | |
| GLOCK 19X 9MM PISTOL, SERIAL NO. BZCP899, WITH 9MM MAGAZINE, AND 18 9MM ROUNDS OF AMMUNITION, | : : | |
| Defendant 3, | : | |
| TACTICAL SOLUTIONS TAC15 MULTI-CALIBER RIFLE, SERIAL NO. 0000148, WITH 5.56MM MAGAZINE, AND 22 ROUNDS OF 5.56MM AMMUNITION, | : : | |
| | : | |
| Defendant 4, | : | |
| ROLEX 126301 DATEJUST II DIAMOND ENCRUSTED GOLD AND STAINLESS STEEL WATCH SN: S9E80152, WITH ALL ATTACHMENTS THEREON, | : : | |
| Defendant 5, | : | |
| | : | |

| | |
|---|---|
| A 10K GOLD ROPE CHAIN, | : |
| Defendant 6, | : |
| KEL-TEC P50 5.7X28MM PISTOL, SERIAL NO. AAEJ62, WITH TWO 5.7X28MM MAGAZINES, AND 89 ROUNDS OF 5.7X28MM AMMUNITION, | : : : |
| Defendant 7, | : |
| HS PRODUKT HELLCAT 9MM PISTOL, SERIAL NO. BY232524, WITH TWO 9MM MAGAZINES, AND 14 ROUNDS OF 9MM AMMUNITION, | : : |
| Defendant 8, | : |
| TACTICAL SOLUTIONS GROUP TAC15 MULTI-CALIBER RIFLE, SERIAL NO. 0000164, WITH 5.56X45MM MAGAZINE, AND 30 ROUNDS OF 5.56MM AMMUNITION, | : : |
| Defendant 9. | : |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendants in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter;

2

and/or 21 U.S.C. § 881(a)(11), which provides for the forfeiture to the United States of:

> Any firearm (as defined in section 921 of Title 18) used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2) and any proceeds traceable to such property;

and/or 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture to the United States of:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

## THE DEFENDANTS IN REM

1. Defendant 1 is One Hundred Forty-Nine Thousand, Eight Hundred Three Dollars and 00/100 ($149,803.00) in United States Currency. On or about August 5, 2024, the DEA Cincinnati Entry Operations Group, on behalf of DEA Dayton, seized Defendant 1 from the residence at 5454 Fairford Court, Dayton, Ohio, during the execution of a Federal Search and Seizure Warrant. The United States has deposited Defendant 1 into the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

2. Defendant 2 is a Rolex Datejust II 41mm Diamond Stainless Steel Watch, SN: 576891R3 with all attachments thereon. On or about August 5, 2024, the DEA Cincinnati Entry Operations Group, on behalf of DEA Dayton, seized Defendant 2 from the residence at 5454 Fairford Court, Dayton, Ohio, during the execution of a Federal Search and Seizure Warrant. The United States Marshals Service will maintain custody of Defendant 2 during the pendency of this action.

3. Defendant 3 is a Glock 19x 9mm Pistol, Serial No. BZCP899, with 9mm Magazine, and 18 9mm Rounds of Ammunition. On or about August 5, 2024, the DEA Cincinnati Entry Operations Group, on behalf of DEA Dayton, seized Defendant 3 from the residence at 5454

Fairford Court, Dayton, Ohio, during the execution of a Federal Search and Seizure Warrant. The designated agent with the DEA will maintain custody of Defendant 3 during the pendency of this action.

4. Defendant 4 is a Tactical Solutions Tac15 Multi-Caliber Rifle, Serial No. 0000148, with 5.56mm Magazine, and 22 Rounds of 5.56mm Ammunition. On or about August 5, 2024, the DEA Cincinnati Entry Operations Group, on behalf of DEA Dayton, seized Defendant 4 from the residence at 5454 Fairford Court, Dayton, Ohio, during the execution of a Federal Search and Seizure Warrant. The designated agent with the DEA will maintain custody of Defendant 4 during the pendency of this action.

5. Defendant 5 is a Rolex 126301 Datejust II Diamond Encrusted Gold and Stainless Steel Watch, SN: S9E80152, with all attachments thereon. On or about August 5, 2024, the DEA Dayton Resident Office, with the assistance of the Huber Heights Police Department, seized Defendant 5 from the residence at 2205 Cooley Lane, Huber Heights, Ohio, during the execution of a Federal Search and Seizure Warrant. The United States Marshals Service will maintain custody of Defendant 5 during the pendency of this action.

6. Defendant 6 is a 10k Gold Rope Chain. On or about August 5, 2024, the DEA Dayton Resident Office, with the assistance of the Huber Heights Police Department, seized Defendant 6 from the residence at 2205 Cooley Lane, Huber Heights, Ohio, during the execution of a Federal Search and Seizure Warrant. The United States Marshals Service will maintain custody of Defendant 6 during the pendency of this action.

7. Defendant 7 is a Kel-Tec P50 5.7x28mm Pistol, Serial No. AAEJ62, with Two 5.7x28mm Magazines, and 89 Rounds of 5.7x28mm Ammunition. On or about August 5, 2024, the DEA Dayton Resident Office, with the assistance of the Huber Heights Police Department,

seized Defendant 7 from the residence at 2205 Cooley Lane, Huber Heights, Ohio, during the execution of a Federal Search and Seizure Warrant. The designated agent with the DEA will maintain custody of Defendant 7 during the pendency of this action.

8. Defendant 8 is a HS Produkt Hellcat 9mm Pistol, Serial No. BY232524, with Two 9mm Magazines, and 14 Rounds of 9mm Ammunition. On or about August 5, 2024, the DEA Dayton Resident Office, with the assistance of the Huber Heights Police Department, seized Defendant 8 from the residence at 2205 Cooley Lane, Huber Heights, Ohio, during the execution of a Federal Search and Seizure Warrant. The designated agent with the DEA will maintain custody of Defendant 8 during the pendency of this action.

9. Defendant 9 is a Tactical Solutions Group Tac15 Multi-Caliber Rifle, Serial No. 0000164, with 5.56x45mm Magazine, and 30 Rounds of 5.56mm Ammunition. On or about August 5, 2024, the DEA Dayton Resident Office, with the assistance of the Huber Heights Police Department, seized Defendant 9 from the residence at 2205 Cooley Lane, Huber Heights, Ohio, during the execution of a Federal Search and Seizure Warrant. The designated agent with the DEA will maintain custody of Defendant 9 during the pendency of this action.

## JURISDICTION AND VENUE

10. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendants pursuant to 21 U.S.C. § 881(a)(6), 21 U.S.C. § 881(a)(11), and/or 18 U.S.C. § 981(a)(1)(C). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

11. This Court has *in rem* jurisdiction over the defendants pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and pursuant to 28 U.S.C. § 1395 because the defendants were found in the Southern District of Ohio.

## BASES FOR FORFEITURE

13. Defendants 1, 2, 5, and 6 are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they represent property furnished or intended to be furnished in exchange for a controlled substance, represent proceeds traceable to such an exchange, or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846.

14. Defendants 3, 4, and 7 through 9 are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11) because they were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1) and proceeds traceable to such property.

15. Defendants 1 through 9 are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because they represent property which constitutes or is derived from proceeds traceable to one or more offenses constituting specified unlawful activity, that is, 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846.

## FACTS

16. Since May 2024, the DEA has been investigating Allen LAKES, Darnell DAVIS, Delaquan NORVELL, and other individuals for their respective roles in distributing controlled substances through the Dayton, Ohio metropolitan area (LAKES DTO). The DEA initiated an investigation based on information received from the Butler Undercover Regional Narcotics Task Force (BURN).

17. BURN informed the DEA Cooperating Defendant 1 (CD-1) provided information regarding a drug trafficker in Dayton, Ohio. The CD-1 stated he/she purchased methamphetamine and fentanyl from a black male he/she knew as "Tall Cuz" on social media, later identified as LAKES. The CD-1 stated he/she purchased the methamphetamine and fentanyl from a residence located at 2652 Home Avenue, Dayton, Ohio (Target Residence 1). The CD-1 stated the house was set up as a drug house with only a couch, chair, and vacuum sealer. It should be noted CD-1 has a criminal history, including drug offenses, gun offenses, robbery, and felony assault. Based on the DEA's conversations with BURN, BURN has been able to corroborate portions of CD-1's statements through independent investigation, and therefore, considers CD-1 to be truthful and reliable.

18. On or about May 24, 2024, BURN obtained and executed a State Search Warrant on CD-1's cellular telephone, which law enforcement seized during the investigation of CD-1. Consistent with CD-1's statements, BURN found in the cellular telephone call log two telephone contacts on May 20, 2024, between CD-1 and telephone number (937) 461-0493. On May 21, 2024, there were additional telephone contacts and FaceTime telephone contacts between CD-1 and telephone number (937) 461-0493. All the contacts between CD-1's telephone and telephone number (937) 4561-0493 occurred on May 20, 2024, and May 21, 2024, just prior to law enforcements seizure of the controlled substance from CD-1. Given CD-1's statements concerning the purchase of drugs and the timing of the contacts with telephone number (937) 461-0493, the DEA and BURN concluded telephone number (937) 461-0493 represents the telephone number LAKES used to negotiate the drug transaction with CD-1.

19. During June 2024, the Honorable Caroline H. Gentry, United States Magistrate Judge, signed a Federal Warrant allowing the DEA to obtain GPS location data concerning

7

telephone number (937) 461-0493. Through the geolocation information and physical surveillance, investigators confirmed LAKES is in possession of the cellular telephone associated with telephone number (937) 461-0493.

20. The DEA believes LAKES DTO uses target residences to traffic large amounts of narcotics. Through surveillance and other information, investigators concluded LAKES DTO frequently uses Target Residence 1 to store and sell narcotics. The residence located at 545 Fairford Court, Dayton, Ohio (Target Residence 2) serves as the place where LAKES DTO stores larger amounts of narcotics, portions of which are transported to Target Residence 1 for immediate resale. The residences located at 1046 South Smithville Road, Dayton, Ohio (Target Residence 4) and 2205 Cooley Lane, Huber Heights, Ohio (Target Residence 5) function as residences for LAKES DTO as well places where they store drugs, proceeds, and other evidence of their drug trafficking crimes, such as their cellular telephones.

21. Based on surveillance, investigators do not believe anyone lives in Target Residence 1. Surveillance captured LAKES, NORVELL, and DAVIS making short-term visits to Target Residence 1 to briefly meet with other people. Investigators obtained utility holder information for Target Residence 1 and learned the utilities are in the name of an individual identified as D.B., the daughter of LAKES' suspected paramour. The contact telephone number for the utility holder is (937) 461-0493, which was confirmed to be LAKES' telephone number.

22. The DEA performed surveillance on Target Residence 1 during late June 2024 to August 2024. During that time, the DEA observed multiple transactions and a pattern of activity consistent with drug trafficking. Specifically, on June 21, 2024, investigators saw a black Jeep with heavily tinted windows and tinted license plate cover pull up to Target Residence 1. A black male, later identified as NORVELL, exited the Jeep and entered Target Residence 1. Moments

later, a black sedan pulled in front of Target Residence 1 and parked behind the Jeep. NORVELL exited Target Residence 1 carrying what appeared to be a white plastic bag that contained an object. NORVELL entered the passenger's seat of the black sedan. Moments later, NORVELL exited the black sedan, no longer carrying the white plastic bag. NORVELL then entered his vehicle and both vehicles depart from the area. Also, on July 15, 2024, investigators observed NORVELL conduct three similar suspected drug transactions and on July 16, 2024, observed LAKES conduct a similar suspected drug transaction all at Target Residence 1.

23. From late June 2024 to August 2024, investigators have seen both LAKES and NORVELL conduct multiple rapid transactions. These transactions are near-daily occurrences, often with multiple transactions occurring on a single day. Based on the frequency of this drug trafficking activity, the DEA identified a general pattern of drug activity at Target Residence 1.

24. On at least ten occasions, including eight in the month of July 2024, investigators observed DAVIS arriving at Target Residence 1 and conducting what investigators believe to be drug related activity, specifically resupplying Target Residence 1 with narcotics.

25. Based on surveillance, investigators believe Target Residence 1 is used by LAKES DTO to store and traffic drugs. Specifically, DAVIS drives narcotics from Target Residence 2 to Target Residence 1. DAVIS then brings the narcotics inside the residence in various bags. LAKES and NORVELL then distribute the narcotics from Target Residence 1 to various customers.

26. Based on surveillance, investigators believe LAKES and DAVIS were communicating on their respective cellular telephones regarding details of DAVIS delivering drugs and/or cash to Target Residence 1.

27. On or about July 24, 2024, investigators observe LAKES arriving at Target

Residence 1. LAKES exited the vehicle and grabbed items from inside the vehicle, including what appeared to be a handgun. LAKES tucked the suspected handgun underneath his arm and then entered Target Residence 1.

28. Investigators believe Target Residence 2 is both a stash location for narcotics sold by LAKES DTO and the primary residence for LAKES. Investigators learned Andre Carpenter is the subscriber for the electric utilities at Target Residence 2 with a listed telephone number of (937) 992-1515. The DEA knows the telephone number belongs to LAKES' suspected paramour. The telephone number appears in contact with LAKES' cellular telephone number.

29. Investigators believe DAVIS lives and works at Target Residence 4, using that location as a place where he keeps his cellular telephone as well as proceeds of drug trafficking activity. During July 2024, investigators physically observed DAVIS use a key to lock and unlock the door to Target Residence 4, indicating he controlled access to this location. Based on surveillance, a general pattern of travel was identified. It showed DAVIS would leave Target Residence 4 in the morning and, generally, return around midnight, where he would remain until the morning. Also, investigators learned DAVIS operates a driving instruction school known as Learn the Right Way Driving Academy at Target Residence 4.

30. Investigators believe that NORVELL resides at Target Residence 5 and likely keeps the proceeds of his drug trafficking activity as well as tools of the drug trade, including his cellular telephone. The DEA performed surveillance at Target Residence 5 and learned it is an apartment unit located within a multi-unit apartment complex. On multiple occasions, law enforcement observed NORVELL coming and going from the apartment complex in which Target Residence 5 is located. On or about July 31, 2024, investigators observed NORVELL key into and out of Target Residence 5, demonstrating his control over the location. Investigators also observed

NORVELL's vehicle in the parking lot in front of Target Residence 5 on multiple occasions, including early in the morning, indicating he spends the night there.

31. On August 5, 2024, during a Federal Search and Seizure Warrant at Target Residence 1, 4 kilograms of suspected marijuana located throughout the residence was seized, in addition to several firearms, magazines, and ammunition.

32. On August 5, 2024, the DEA Cincinnati Entry Operations Group with the assistance of the Ohio State Highway Patrol executed a Federal Search and Seizure Warrant on behalf of DEA Dayton at Target Residence 2. During the search, investigators seized the following items indicative of, and related to, drug trafficking:

- Several bags of suspected marijuana, including: Three plastic bags of suspected marijuana weighing 110.3 gross grams, Two large bags of suspected marijuana weighing 5.4 kilograms, and Three large bags of suspected marijuana weighing 4.0 kilograms;

- $149,803.00 in U.S. Currency (Defendant 1);

- Glock magazine with 8 rounds of 9 mm ammunition, a Black Schmeisser magazine with 18 rounds of 5.56mm ammunition, and a 5.7x28mm magazine with 20 rounds of 5.7x28mm ammunition;

- Two cellular telephones: Black iPhone cellular telephone and Black Cricket cellular telephone;

- A loaded Tactical Solutions TAC 15 multi-caliber rifle with 5.56mm magazine, and 22 rounds of 5.56 mm ammunition (Defendant 4);

- A loaded Glock 19x9mm pistol with 9mm magazine, and 18 rounds of 9mm ammunition, (Defendant 3);

- Rolex Datejust II 41mm Diamond Stainless Steel Watch (Defendant 2); and

- 2 silver keys to Target Residence 1.

33. Defendant 1 was found in the master bedroom utilized by Lakes and Monique Heard. The denomination breakdown consisted of 226 $1 dollar bills; 1 $2 dollar bill; 407 $5

dollar bills; 309 $10 dollar bills; 5550 $20 dollar bills; 327 $50 dollar bills, and 171 $100 dollar bills.  Some of the currency was found wrapped in rubber bands and placed in a box.  The remainder of the currency was found wrapped in rubber bands and shrink wrapped in clear plastic bags and found in the box spring of the mattress in the master bedroom.  The currency was worn from street use and indicative of drug trafficking proceeds.

34.     Defendant 2, Rolex Datejust II 41mm Diamond Stainless Steel Watch, with its appraisal and Rolex purchase card, was in the master bedroom closet of Target Residence 2.  The Rolex purchase card shows the purchase was on or about April 1, 2018, and the purchaser as Larry McClenon.  Records indicate Defendant 2 has not been reported lost or stolen.

35.     Defendant 3, the Glock 19x pistol, was seized from the master bedroom of Target Residence 2, and the ATF etrace report indicates that it was purchased by a third party on February 25, 2023.

36.     Defendant 4, the Tactical Solutions TAC 15, was seized from the master bedroom of Target Residence 2, and the ATF etrace indicates it was purchased by Allen Lakes on August 20, 2023.

37.     On August 5, 2024, the DEA Dayton Resident Office with the assistance of the Huber Heights Police Department Regional Emergency Response Team executed a Federal Search and Seizure Warrant on behalf of DEA Dayton at Target Residence 5.  During the search, investigators seized the following items indicative of, and related to, drug trafficking:

- Several Apple iPhone cellular telephones;
- A loaded HS Produkt Hellcat 9mm pistol, Two 9mm magazines, and 14 rounds of 9mm ammunition (Defendant 8);
- A loaded Tactical Solutions Group TAC15 multi caliber AR-15 rifle, PMAG 30 5.56x45mm magazine, and 30 rounds of 5.56mm ammunition (Defendant 9);

- 70 5.56mm rounds of ammunition;

- 52 5.7x28mm rounds of ammunition;

- $10,388.00 in U.S. Currency;

- Kel-Tec P50 5.7x28mm pistol, two 5.7x28mm magazines, and 89 rounds of 5.7x28mm ammunition (Defendant 7);

- 10K gold rope chain (Defendant 6);

- Rolex Datejust II Diamond Encrusted Gold and Stainless Steel Watch (Defendant 5); and

- One key to Target Residence 1.

38. Defendant 5, the Rolex Datejust II, with its appraisal and Rolex purchase card, was found in the south bedroom closet of Target Residence 5. The purchase card shows the purchase was on or about July 7, 2020, and the purchaser as Kethwanes Lewis. Records indicate that the Rolex (Defendant 5) has not been reported lost or stolen.

39. Defendant 6, a 10k gold rope chain, was found with Defendant 5 in Target Residence 5.

40. Defendant 7, the Kel Tec, was found loaded and in the south bedroom closet of Target Residence 5, and the ATF etrace indicates it was purchased by Delaquan Norvell on April 3, 2022.

41. Defendant 8, the Hellcat, was found loaded and in the south bedroom of Target Residence 5, and the ATF etrace indicates it was purchased by Delaquan Norvell on July 23, 2022.

42. Defendant 9, the TAC 15, was found loaded and in the south bedroom closet of Target Residence 5, and the ATF etrace indicates that a report was filed as missing in inventory.

43. Investigators believe that neither LAKES nor NORVELL held employment outside

of their drug trafficking activities. They uncovered no evidence either of them worked or were employed. For example, no pay stubs for anyone were found during the search.

44. Based on the foregoing facts, the United States asserts that the defendants are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6), 21 U.S.C. § 881(a)(11), and/or 18 U.S.C. § 981(a)(1)(C).

## **CLAIM FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that:

(a) the Court find there is probable cause to believe that the defendants have been forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6) , 21 U.S.C. § 881(a)(11), and/or 18 U.S.C. § 981(a)(1)(C);

(b) pursuant to Rule G(3)(b)(i), Supplemental Rules, the Court issue a warrant of arrest in rem, directing the United States to arrest and seize the defendants and to retain the same in its custody subject to further order of the Court;

(c) the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendants to assert in conformity with the law a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for thirty consecutive days;

(d) the forfeiture of the defendants to the United States be confirmed, enforced, and ordered by the Court;

(e) the Court thereafter order the United States to dispose of the defendants as provided by law; and

(f) the Court award the United States all other relief to which it is entitled, including

the costs of this action.

                                                 Respectfully submitted,

                                                 KENNETH L. PARKER
                                                 United States Attorney

                                               *s/William B. King II*
                                               WILLIAM B. KING II (094046)
                                               Assistant United States Attorney
                                               Attorney for Plaintiff
                                               221 East Fourth Street, Suite 400
                                               Cincinnati, Ohio 45202
                                               Phone: (513) 684-3711
                                               Email: Bill.King@usdoj.gov

## VERIFICATION

I, Joseph M. Conlon, hereby verify and declare under the penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated 12/30/2024

_____
JOSEPH M. CONLON, Special Agent
Drug Enforcement Administration